UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **PAULA BRADFORD GINES** | **CIVIL ACTION NO. 20-0731** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **U.S. BUREAU OF PRISONS** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

The United States of America ("the Government") moves to dismiss Petitioner Paula Bradford Gines' petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner was a prisoner at Ouachita Correctional Center when she filed this action, and she proceeds pro se and in forma pauperis. Petitioner did not respond to the Government's motion. For reasons below, the Court should dismiss the petition.

### Background

Petitioner seeks immediate release to either her home or a half-way house. [doc. # 1, p. 7]. On July 30, 2020, the Government moved to dismiss Petitioner's petition as moot, maintaining that "Petitioner was released from custody on July 21, 2020, via full time release, meaning she has completed the service of her Federal sentence." [doc. # 10-1, p. 2].

### Law and Analysis

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). A claim is moot when a petitioner achieves the precise relief she requested. See *New York State Rifle & Pistol Ass'n, Inc. v. City of New York, New York*, 140 S. Ct. 1525, 1526 (2020).

Here, Petitioner sought release from confinement. Petitioner was released from confinement. As she is no longer subject to the detention she challenges, her Petition is moot. See *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) ("Because Bailey was released . . . this court can no longer provide him with that relief."); *Nyabwa v. Dep't of Homeland Sec. Immigration & Customs Enf't Field Office Dir.*, 537 F. App'x 451 (5th Cir. 2013).

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Petitioner Paula Bradford Gines' Petition be **DISMISSED WITHOUT PREJUDICE AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 2nd day of September, 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE